UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY LUCKOW and
NICHOLAS LUCKOW,

      Plaintiff,

vs.

Case No. 08-CV-10475
HON. GEORGE CARAM STEEH

AXA EQUITABLE LIFE INS. CO., and
PAMELA LUCKOW,

      Defendants.

_____/

## ORDER DISMISSING FEBRUARY 5, 2008 SHOW CAUSE ORDER (#2)

On February 5, 2008, defendant Pamela Luckow was ordered to show cause by February 19, 2008 why this case should not be remanded for lack of federal subject matter jurisdiction in the absence of allegations sufficient to ascertain defendant AXA Equitable Life Ins. Co.'s principal place of business and thus establish complete diversity. See 28 U.S.C. § 1332(a)(1), (c)(1) and JP Morgan Chase Bank v. Traffic Steam (BVI) Infrastructure Ltd., 536 U.S. 88, 91 (2002). Defendant Luckow was also ordered to show cause demonstrating that she removed this matter from Michigan's Wayne County Circuit Court within 30 days from the date of service, with the consent of defendant AXA Equitable Life Ins. Co.. Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 (6th Cir. 1999); 28 U.S.C. § 1446(b).

Defendant Luckow filed a timely response on February 15, 2008 affirmatively stating that defendant AXA Equitable Life Ins. Co. is a New York corporation with its principal place of business in New York City, New York, demonstrating that complete diversity exists in this

lawsuit.[1]  See Owen Equipment and Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). Defendant Luckow also proffered evidence that she removed this matter to federal court within 30 days from the January 8, 2008 date when she was first served with process on January 30, 2008, demonstrating that the matter was timely removed.  See 28 U.S.C. § 1446(b).

Defendant Luckow goes on to assert that AXA Equitable Life Ins. Co.'s consent to removal was "unnecessary" because removal was timely.  Plaintiffs Jeremy Luckow and Nicholas Luckow filed their own response on February 19, 2008 stating that it is their understanding that AXA Equitable Life Ins. Co. did not consent to removal.  Plaintiffs also argue that Pamela Luckow is subject to "Michigan jurisdiction" as the result of the underlying divorce action involving decedent Stanley Luckow, and therefore the proper forum for this lawsuit is Michigan's Wayne County Circuit Court.

While the "rule of unanimity" arising from 28 U.S.C. § 1446(a) requires all defendants in an action to either join in the removal or file their written consent to removal, a technical breach of the rule may not be raised by the court sua sponte, but instead must be raised by a party within 30 days of removal or the breach is deemed waived.  Loftis v. United Parcel Service, Inc., 342 F.3d 509, 516-17 (6th Cir. 2003) (citing 28 U.S.C. § 1447(c); Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995)).  Although the procedural "rule of unanimity" does require all defendants to join in or consent to removal, the court lacks sua sponte authority to remand based on defendant AXA Equitable Life Ins. Co.'s failure to yet formally join in removal or file its written consent to removal.  Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995).  The court does not construe plaintiffs' response to the sua sponte show cause order regarding AXA Equitable Life Ins. Co.'s lack

---

[1] Plaintiffs Jeremy and Nicholas Luckow are alleged citizens of Michigan. Defendant Pamela Luckow is an alleged citizen of Florida.

of intent to remove as an independent motion to remand to state court. Id. Whether Pamela Luckow is subject to personal jurisdiction in Michigan is of no consequence to the propriety of removal, which was the subject of the court's show cause order. Accordingly,

The court's February 5, 2008 order requiring defendant Pamela Luckow to show cause is hereby DISMISSED.

SO ORDERED.

Dated: February 21, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 21, 2008, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk