UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY LUCKOW and
NICHOLAS LUCKOW,

        Plaintiff,

vs.
        Case No. 08-CV-10475
        HON. GEORGE CARAM STEEH

AXA EQUITABLE LIFE INS. CO., and
PAMELA LUCKOW,

        Defendants.

_____/

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND (#7)

Plaintiffs Jeremy and Nicholas Luckow move to remand this matter to Michigan's Wayne County Circuit Court. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Plaintiffs filed suit in state court on February 21, 2007 seeking declaratory relief relative to life insurance policies issued by defendant AXA Equitable Life Ins. Co. to decedent Stanley Luckow. Plaintiffs are Stanley Luckow's sons. Defendant Pamela Luckow is Stanley Luckow's ex-wife. Defendant Pamela Luckow removed the lawsuit to federal court on January 31, 2008.

On February 5, 2008, the court ordered defendant Luckow to show cause why this matter should not be remanded for lack of federal subject matter jurisdiction in the absence of allegations sufficient to ascertain defendant AXA's principal place of business. The court also ordered defendant Luckow to show that removal was accomplished within 30 days of service, and with the consent of co-defendant AXA. Defendant Luckow timely responded

to the show cause order on February 15, 2008 by affirmatively stating that defendant AXA is a New York corporation with its principal place of business in New York City, demonstrating complete diversity.[1] Defendant Luckow also proffered evidence that she removed to federal court on January 31, 2008, within 30 days from first being served with process on January 8, 2008. Defendant Luckow further offered that co-defendant AXA's consent to removal was "unnecessary" because removal was timely. In dismissing the February 5, 2008 show cause order, the court reasoned:

> While the "rule of unanimity" arising from 28 U.S.C. § 1446(a) requires all defendants in an action to either join in the removal or file their written consent to removal, a technical breach of the rule may not be raised by the court sua sponte, but instead must be raised by a party within 30 days of removal or the breach is deemed waived. Loftis v. United Parcel Service, Inc., 342 F.3d 509, 516-17 (6th Cir. 2003) (citing 28 U.S.C. § 1447(c); Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995)). Although the procedural "rule of unanimity" does require all defendants to join in or consent to removal, the court lacks sua sponte authority to remand based on defendant AXA Equitable Life Ins. Co.'s failure to yet formally join in removal or file its written consent to removal. Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995). . . . .

February 21, 2008 Order, at 2-3.

Plaintiffs filed the instant motion to remand on February 27, 2008, within 30 days of the January 31, 2008 notice of removal filed by defendant Luckow, thus preserving their right to challenge removal under the "rule of unanimity." Defendant Luckow has not filed a response to the motion. Defendant AXA filed a response on March 27, 2008 stating AXA "takes no position on whether the dispute . . . should be adjudicated in State Court or Federal Court." AXA March 27, 2008 Response Brief, ¶ 9, at 2.

The record demonstrates that defendant AXA did not join in co-defendant Luckow's removal nor file a consent to removal with the court within 30 days of defendant Luckow's

---

[1] Plaintiffs Jeremy and Nicholas Luckow are alleged citizens of Michigan. Defendant Pamela Luckow is an alleged citizen of Florida.

January 31, 2008 notice of removal. Plaintiffs timely raised the issue. Pursuant to the "rule of unanimity" as recognized in Loftis, 342 F.3d at 516-17 and Page, 45 F.3d at 133,

Plaintiffs' motion to remand is hereby GRANTED. This matter is hereby REMANDED to Michigan's Wayne County Circuit Court.

SO ORDERED.

Dated: April 15, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 15, 2008, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk